UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT MAURICIO PENATE,<br><br>Plaintiff,<br><br>v.<br><br>AMR H. RAMADAN,<br><br>Defendant. | No. 1:24-cv-01315-SAB (PC)<br><br>ORDER TO SHOW CAUSE WHY ACTION SHOULD NOT BE DISMISSED FOR FAILURE TO EXHAUST THE ADMINISTRATIVE REMEDIES<br><br>(ECF No. 1) |

Plaintiff is proceeding pro se and in forma pauperis in this action filed pursuant to 42 U.S.C. § 1983.

Plaintiff filed the instant complaint on October 28, 2024. (ECF No. 1) Plaintiff acknowledges on the face of his complaint that he has not exhausted his administrative remedies. (ECF. No. 1 at 3-4). Indeed, Plaintiff admits he has appealed "to highest but I'm awaiting response and need immediate relief from the Court." (Id.)

**I.**

**DISCUSSION**

Under the Prison Litigation Reform Act of 1995, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are

1

1  available are exhausted." 42 U.S.C. § 1997e(a).  Exhaustion is a condition precedent to filing a
2  civil rights claim. Woodford v. Ngo, 548 U.S. 81, 93 (2006); see also McKinney v. Carey, 311
3  F.3d 1198, 1200 (9th Cir. 2002) ("Congress could have written a statute making exhaustion a
4  precondition to judgment, but it did not. The actual statute makes exhaustion a precondition to
5  suit." (citations omitted)). The exhaustion requirement "applies to all inmate suits about prison
6  life." Porter v. Nussle, 534 U.S. 516, 532 (2002). Further, the nature of the relief sought by the
7  prisoner or the relief offered by the prison's administrative process is of no consequence. Booth v.
8  Churner, 532 U.S. 731, 741 (2001). And, because the PLRA's text and intent requires "proper"
9  exhaustion, a prisoner does not satisfy the PLRA's administrative grievance process if he files an
10 untimely or procedurally defective grievance or appeal. Woodford, 548 U.S. at 93.  A prisoner
11 need not plead or prove exhaustion. Instead, it is an affirmative defense that must be proved by
12 defendant. Jones v. Bock, 549 U.S. 199, 211 (2007).  A prison's internal grievance process, not
13 the PLRA, determines whether the grievance satisfies the PLRA exhaustion requirement. Id. at
14 218.  However, courts may dismiss a claim if failure to exhaust is clear on the face of the
15 complaint. See Albino v. Baca, 747 F.3d 1162, 1166 (9th Cir. 2014).

16     Based on the face of the complaint, Plaintiff did not exhaust his administrative remedies
17 prior to filing this case.  Accordingly, Plaintiff will be directed to show cause in writing why this
18 action should not be dismissed for failure to exhaust his administrative remedies. Plaintiff is
19 warned that if he commenced this action before exhausting his administrative remedies, a
20 dismissal on this basis counts as a strike under 1915(g). El-Shaddai v. Zamora, 833 F.3d 1036,
21 1043–44 (9th Cir. 2016); see also Richey v. Dahne, 807 F.3d 1202, 1208 (9th Cir. 2015)
22 (dismissals for failure to exhaust available administrative remedies generally do not count as
23 "strikes" unless the failure to exhaust is clear on the face of the complaint.)[1]  Alternatively, to
24 avoid a strike, and because no defendant has yet been served, Plaintiff may elect to file a notice to

---

[1] Under § 1915(g), prisoners who have brought unsuccessful suits may be barred from bringing a civil action and paying the fee on a payment plan once they have had on prior occasions three or more cases dismissed as frivolous, malicious, or for failure to state a claim. Lomax v. Ortiz-Marquez, 140 S. Ct. 1721, 1723 (2020); see also Andrews v. Cervantes, 493 F.2d 1047, 1052 (9th Cir. 2007).  It is immaterial whether  the dismissal was with or without prejudice, because a dismissal for failure to state a claim counts as a strike under § 1915(g). Lomax, 140 S. Ct. at 1727.

voluntarily dismiss this claim without prejudice under Fed. R. Civ. P. 41.  Plaintiff may then refile a new complaint in a new action after he fully exhausts his administrative remedies. Failure to respond to this order will result in the recommendation that this action be dismissed.

## II.
## ORDER

Accordingly, it is HEREBY ORDERED:

1. Within **fourteen (14)** days of service of this order, Plaintiff shall show cause why this action should not be dismissed for his failure to exhaust his administrative remedies before filing suit or may file a notice of voluntarily dismissal under Fed. R. Civ. P. 41; and

2. Plaintiff's failure to timely to respond to this order will result in the recommendation that this action be dismissed for failure to comply with a court order or prosecute this action.

IT IS SO ORDERED.

Dated:  **October 31, 2024**

UNITED STATES MAGISTRATE JUDGE