UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT MAURICIO PENATE,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>AMR H. RAMADAN,<br><br>　　　　　Defendant. | No. 1:24-cv-01315-SAB (PC)<br><br>ORDER DISCHARGING ORDER TO SHOW CAUSE<br><br>ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN A DISTRICT JUDGE TO THIS ACTION<br><br>FINDINGS AND RECOMMENDATION RECOMMENDING DISMISSAL OF ACTION FOR FAILURE TO EXHAUST THE ADMINISTRATIVE REMEDIES<br><br>(ECF No. 9) |

Plaintiff is proceeding pro se and in forma pauperis in this action filed pursuant to 42 U.S.C. § 1983.

Plaintiff filed the instant complaint on October 28, 2024. (ECF No. 1) Plaintiff acknowledges on the face of his complaint that he has not exhausted his administrative remedies. (ECF. No. 1 at 3-4). Indeed, Plaintiff admits he has appealed "to highest but I'm awaiting response and need immediate relief from the Court." (Id.) Therefore, on October 31, 2024, the Court ordered Plaintiff to show cause why the action should not be dismissed, without prejudice, for failure to exhaust the administrative remedies. (ECF No. 8.) Plaintiff filed a response on November 15, 2024.

///

///

///

**I.**

**DISCUSSION**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2); 28 U.S.C. § 1915(e)(2)(B)(ii).

Under the Prison Litigation Reform Act of 1995, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a).  Exhaustion is a condition precedent to filing a civil rights claim. Woodford v. Ngo, 548 U.S. 81, 93 (2006); see also McKinney v. Carey, 311 F.3d 1198, 1200 (9th Cir. 2002) ("Congress could have written a statute making exhaustion a precondition to judgment, but it did not. The actual statute makes exhaustion a precondition to suit." (citations omitted)). The exhaustion requirement "applies to all inmate suits about prison life." Porter v. Nussle, 534 U.S. 516, 532 (2002). Further, the nature of the relief sought by the prisoner or the relief offered by the prison's administrative process is of no consequence. Booth v. Churner, 532 U.S. 731, 741 (2001). And, because the PLRA's text and intent requires "proper" exhaustion, a prisoner does not satisfy the PLRA's administrative grievance process if he files an untimely or procedurally defective grievance or appeal. Woodford, 548 U.S. at 93.  A prisoner need not plead or prove exhaustion. Instead, it is an affirmative defense that must be proved by defendant. Jones v. Bock, 549 U.S. 199, 211 (2007).  A prison's internal grievance process, not the PLRA, determines whether the grievance satisfies the PLRA exhaustion requirement. Id. at 218.  However, courts may dismiss a claim if failure to exhaust is clear on the face of the complaint. See Albino v. Baca, 747 F.3d 1162, 1166 (9th Cir. 2014).

Based on the face of the complaint, Plaintiff did not exhaust his administrative remedies prior to filing this case.  (ECF No. 1 at 3-4.)  In his response to the order to show cause, Plaintiff

2

again acknowledges that he has not exhausted the administrative remedies as he is still awaiting a response at the highest level of review. (ECF No. 9 at 2.) Because Plaintiff had not yet received a decision, Plaintiff failed to exhaust his administrative remedies before filing this action. Plaintiff is informed that a dismissal of this action, without prejudice, does not prevent him from re-filing this action in this Court at a later date, which would be after he completed exhaustion of his administrative remedies.

## II.

## ORDER AND RECOMMENDATION

Based on the foregoing, it is HEREBY ORDERED that the order to show cause issued on October 31, 2024 (ECF No. 8) is DISCHARGED and the Clerk of Court shall randomly assign a District Judge to this action.

Further, it is HEREBY RECOMMENDED that the instant action be dismissed, without prejudice, for failure to exhaust the administrative remedies.

This Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within **fourteen (14)** days after being served with this Findings and Recommendation, Plaintiff may file written objections with the Court, limited to 15 pages, including exhibits. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:  **November 18, 2024**

STANLEY A. BOONE
United States Magistrate Judge

3